IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BARBARA DACHMAN, et al.,<br><br>**Plaintiff,**<br><br>vs.<br><br>DR. FEDERICO MAESTRE GRAU, et al.,<br><br>**Defendants.** | **CIVIL NO:** 18-1421 (RAM) |

## ORDER

Pending before the Court is Plaintiff's *Motion to Compel, for Reconsideration and for Sanctions* ("Motion to Compel") (Docket No. 21) and *Motion to Supplement "Motion [sic.] Compel, For Reconsideration and For Sanctions* (Docket No. 22). As set forth below, Plaintiff's motions fail to tee up an order compelling discovery nor do they justify imposing sanctions on Defendants under Fed. R. Civ. P. 37. Thus, both motions are **DENIED.**

With respect to the request for an order compelling discovery, Plaintiff's counsel merely certified in the *Motion to Compel* that he "**attempted to confer [without specifying particulars] and sent several e-mails requesting compliance.**" (Docket No. 21 at 5) (emphasis added). By simply stating this however, Plaintiff failed to comply with Fed. R. Civ. P. 37(a) which requires "a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In the process, Plaintiff also failed to comply with Local Rule 26(b) which provides that "[a] judge shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. **An attempt to confer will not suffice."** D.P.R. Civ. R. 26(b) (Emphasis added).

Therefore, pursuant to Local Rule 26(e), only once these good-faith efforts have been exhausted, may a party file a motion to compel discovery. *See e.g.*, Puerto Rico Dairy Farmers Association v. Comas-Pagán, 2018 WL 8545950, at *3 (D.P.R. 2018), *but see* Rosado v. Fondo del Seguro del Estado, 2011 WL 13209574 (D.P.R. 2011) (wherein defendant demonstrated he attempted to solve discovery disputes by communicating with plaintiff by telephone, in person and by e-mail). Going beyond Plaintiff's counsel's certification, the Court examined the discovery related correspondence at Docket Nos. 21-6 and 21-7. While the letters state objections to Defendants' discovery responses and contain ultimatums from Plaintiff's counsel, they evince no effort to reach an agreement or to arrange for a conference to discuss the discovery disputes. This District has previously declared that such letters only demonstrate an *attempt* to confer and thus denial

of the motion to compel is proper. *See e.g.*, Aponte v. Caribbean Petroleum Corp., 2015 WL 13579042, at *2 (D.P.R. 2015) (holding communication via letter only informing objections to answers to interrogatories and responses to the requests for documents, and providing no further response to objections, only counts as an *attempt* to confer before presenting motion to compel discovery, thus said motion should be denied); *see also* Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. 31, 40-41 (D.P.R. 2010) (quoting Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss., 2001)) ("the meet and confer 'prerequisite is not an empty formality' and 'cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue'").

Turning to Plaintiff's request for sundry sanctions, it is likewise premature. (Docket No. 21 at 3-4). This Court has not issued an order to compel discovery which is the sine qua non requirement of sanctions under Fed. R. Civ. P. 37. The First Circuit has been clear regarding this. For example, in R.W. Intern. Corp. v. Welch Foods, Inc. it emphasized that "[t]he taxonomy of Rule 37 is progressive. If an order to answer is issued under Rule 37(a), **and then disobeyed**, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions." R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir. 1991). Further, the First Circuit has emphasized that a District Court may use sanctions under Fed. R. Civ. P. 37 "with an eye both to

penalize the particular noncompliance and to deter others from engaging in the same tactics." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015). Here, however, the noncompliance with an order to compel has yet to occur because a proper motion to compel was not filed.

Fed. R. Civ. P. 37(a) and Local Rule 26(b)'s requirements that the parties exhaust good faith efforts to resolve discovery disputes among themselves pursue the salutary purpose of conserving the parties' and judicial resources. *See* Fed. R. Civ. P. 1 ("These rules [of civil procedure] […] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."). Consequently, the parties are **ORDERED** to meet within the next **fourteen (14) days** to discuss any outstanding discovery disputes. Only after conducting such a meeting, **which must not be perfunctory or an attempt to "go through the motions"**, will the Court countenance any motion to compel under Fed. R. Civ. P. 37(a).

Finally, the Court will not reconsider changing the discovery cut-off date to August 31, 2019 as requested by Plaintiff. (Docket No. 21 at 6). The First Circuit has stated that a pretrial order "is intended to 'control the subsequent course of the action,' **and can be modified only 'to prevent manifest injustice [pursuant to Fed.R.Civ.P. 16(e)].**'" Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 774 (1st Cir. 2010) (quoting Correa v. Hosp. San Francisco, 69

F.3d 1184, 1195 (1st Cir. 1995)). Here, Plaintiff has not shown that maintaining the October 31, 2019 discovery cut-off date would result in a manifest injustice in the case at bar as required by Fed.R.Civ.P. 16(e).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 20th day of September 2019.

                                        S/ RAÚL M. ARIAS-MARXUACH
                                        United States District Judge