IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BARBARA DACHMAN,<br><br>**Plaintiff**,<br><br>v.<br><br>DR. FEDERICO MAESTRE GRAU, JANE DOE, AND THE CONJUNGAL PARTNERSHIP CONSTITUTED BY THEM; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCIÓN CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (HEREINAFTER "SIMED"); JOHN DOE, RICHARD ROE, PHILLIP POE AND KIM DOE; EYE CARE OF SAN JUAN, PSC; CORPORATIONS X, Y AND Z; INSURANCE COMPANIES "C", "D", "E", AND "F",<br><br>**Defendants**. | **CIVIL NO. 18-1421 (RAM)** |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff Barbara Dachman's ("Plaintiff") *Motion in Limine of A Chart* ("*Motion*"). (Docket No. 125). Plaintiff seeks to exclude a chart depicting an explanation of a cataract surgery ("the chart") and which Defendants Dr. Federico Maestre-Grau and his insurer Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria (jointly "Defendants") allegedly produced belatedly and incompletely. Id. Defendants then filed an

opposition followed by Plaintiff's reply. (Docket Nos. 139 and 145). Plaintiff's *Motion* is **DENIED** for the following reasons.

First, multiple district courts have found that demonstrative aids, such as the chart at issue here, are **not** subject to the disclosure requirements of Fed. R. Civ. P. 26. *See* Rodriguez v. Vill. of Port Chester, 535 F. Supp. 3d 202, 217 (S.D.N.Y. 2021) (explaining that demonstrative exhibits do not "fit comfortably within the disclosure requirements" of Fed. R. Civ. P. 26 or Fed. R. Civ. P. 34 because they "would not normally exist at the outset of the case")(citation omitted); *see also* Zaukar v. United States, 2022 WL 198714, at *6 (D. Alaska 2022) (citation omitted); Isaac v. Forcillo, 2022 WL 1125369, at *10 (D. Nev. 2022) (citation omitted). Thus, any arguments to the contrary are unavailing.

Second, the Court finds that the chart is relevant and will not be unfairly prejudicial to Plaintiff. *See* McCain v. Delta Well Surveyors, Inc., 1997 WL 411568, at *1 (E.D. La. 1997) (finding that there is no requirement that demonstrative evidence be completely accurate, and any purported inaccuracies can be brought at trial through cross-examination) ((citing Roland v. Langois, 945 F.2d 956, 963 (7th Cir. 1991)). Lastly, in keeping with the designation of the chart as demonstrative evidence, it will not be admitted into evidence or go to the jury room. *See* United States v. Perrotta, 289 F.3d 155, 166 (1st Cir. 2002) ("[s]ince 'seeing is believing,' and demonstrative evidence appeals directly to the

senses of the trier of fact, it is today universally felt that this kind of evidence possesses an immediacy and reality which endow it with particularly persuasive effect.") (quotation omitted); United States v. Milkiewicz, 470 F.3d 390, 397 n. 14 (1st Cir. 2006) (quotation omitted) ("courts often do not permit demonstrative evidence in the jury room.").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 21st day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge