```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| BARBARA DACHMAN,<br><br>**Plaintiff**,<br><br>v.<br><br>DR. FEDERICO MAESTRE-GRAU, JANE DOE, AND THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCIÓN CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (HEREINAFTER "SIMED"); JOHN DOE, RICHARD ROE, PHILLIP POE AND KIM DOE; EYE CARE OF SAN JUAN, PSC; CORPORATIONS X, Y AND Z; INSURANCE COMPANIES C, D, E, AND F,<br><br>**Defendants.** | CIVIL NO. 18-1421 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

    This case arises out of a cataract surgery Plaintiff Barbara Dachman underwent in 2017. (Docket No. 1). Trial is set to begin September 12, 2023. (Docket No. 210). Pending before the Court are Plaintiff's motion in limine (Docket No. 231) and Dr. Federico Maestre-Grau, SIMED, and Eye Care of San Juan's (collectively, "Defendants") various motions in limine (Docket Nos. 229, 232, 233, 234, 235, 236, 237, and 238). For the following reasons,

Plaintiff's motion at Docket No. 231 is **DENIED**; Defendants' motions at Docket Nos. 229 and 232 are **GRANTED**; and Defendants' motions at Docket Nos. 233-238 are **DENIED**.

## I. PLAINTIFF

**A. Motion in limine at Docket No. 231**

Ms. Dachman seeks to prevent Defendants from calling Carlos Vázquez and Ángel Rivera as fact witnesses at trial. (Docket No. 231). She contends that Fed. R. Civ. P. 26 and 37 bar Vázquez and Rivera's testimony because Defendants did not supplement their initial disclosures to include Vázquez and Rivera before discovery closed. Id. at 2-4.

As Defendants note, however, Fed. R. Civ. P. 26 only requires supplementation of a party's initial disclosures if "the additional or corrective information **has not otherwise been made known to the other parties during the discovery process** or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Defendants cite to several depositions in which Vázquez and Rivera were identified as people likely to have discoverable information relevant to Plaintiff's claim. (Docket No. 241 at 3-4). In fact, Ms. Dachman **herself** mentioned Vázquez and Rivera multiple times at her deposition, identifying them as participants in the medical procedures that gave rise to her claim. (Docket No. 241-1). Thus, per Fed. R. Civ. P. 26, Defendants were not obligated to supplement

their initial disclosures to call Vázquez and Rivera as trial witnesses.

Even if Vázquez and Rivera's expected testimonies had been untimely disclosed, the Court could still allow them at trial because the alleged discovery violation would have been "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). *See also* Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009); Diaz-Garcia v. Surillo-Ruiz, 98 F. Supp. 3d 396, 401 (D.P.R. 2015). To determine whether a discovery violation is substantially justified or harmless, courts consider:

   (1)   The litigation's history;
   (2)   The need for the evidence;
   (3)   The justification for the late disclosure;
   (4)   The opposing party's ability to overcome the late
         disclosure's adverse effects (surprise and
         prejudice); and
   (5)   The impact of the late disclosure on the court's
         docket.

*See* Holsum de P.R., Inc. v. Compass Indus. Grp. LLC, 530 F. Supp. 3d 228, 234 (D.P.R. 2021) (citing Esposito, 590 F.3d at 76-78).

Plaintiff's motion does not aver a history of repeated discovery violations by Defendants throughout the litigation. The testimony Defendants seek to elicit from Vázquez and Rivera is central to their case given these witnesses' direct involvement in the pre- and post-operative phases of her surgery. (Docket No. 241 at 5). Defendants' justification for not supplementing their initial disclosures is that they believed these two witnesses had

been adequately disclosed during discovery. The Court agrees. Plaintiff cannot claim to be surprised or prejudiced given that she was aware of Vázquez and Rivera's involvement and knowledge and had ample opportunity to obtain discovery from them herself. *See* Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197 (1st Cir. 2006) (noting that an illustrative example of a harmless discovery violation is "late disclosures of a potential witness known to all parties"); Holsum de P.R., Inc., 530 F. Supp. 3d at 234 (finding the defendant's claim of surprise unconvincing because it knew about the witness for five months before the discovery deadline). Finally, disclosure at this stage will not negatively impact the Court's docket. Thus, even if Defendants had untimely disclosed Vázquez and Rivera, it was substantially justified and harmless and does not merit the harsh and disfavored sanction that is preclusion. *See* Preuss v. Kolmar Lab'ys, Inc., 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013). Accordingly, Plaintiff's motion in limine at Docket No. 231 is **DENIED**. Vázquez and Rivera may testify at trial.

## II. DEFENDANTS

### A. Eye Care of San Juan's motion in limine at Docket No. 229

Eye Care of San Juan seeks to bar Plaintiff's expert witness, Dr. Robert Mason, from testifying about any alleged negligence by Eye Care of San Juan, since his expert report does not discuss Eye Care of San Juan's role whatsoever. (Docket No. 229). Plaintiff's

opposition merely argues that as Dr. Maestre's employer, Eye Care of San Juan is vicariously liable for his actions. (Docket No. 245 at 1). Thus, as Plaintiff posits, Dr. Mason should be permitted to testify about Dr. Maestre's action and Eye Care of San Juan's employment of him. Id. at 3.

Plaintiff mischaracterizes Defendant's motion and fails to address the lack of any mention of Eye Care of San Juan in Dr. Mason's expert report. (Docket No. 245). As relevant here, Fed. R. Civ. P. 26 provides that expert reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them[,]" as well as "the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Per Fed. R. Civ. P. 37, a party that fails to disclose this information may not use it at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The failure in this instance is not harmless. Eye Care of San Juan is nowhere mentioned in Dr. Mason's report. (Docket No. 229-1). His "Summary of Breaches with Causation" section only describes Dr. Maestre's alleged failures in meeting the standard of care. Id. at 17-20. Thus, Eye Care of San Juan was not on notice that Dr. Mason would be called to opine about the relationship between Dr. Maestre and Eye Care of San Juan and its legal implications.

Moreover, a "district court has broad discretion to exclude expert opinion evidence about the law that would impinge on the

roles of the judge and the jury." Carrelo v. Advanced Neuromodulation Sys., Inc., 777 F. Supp. 2d 315, 320 (D.P.R. 2011) (citing Pelletier v. Main Street Textiles, LP, 470 F.3d 48, 54 (1st Cir. 2006)). Nor does such evidence assist the trier of fact. Id. Thus, Dr. Mason's proposed testimony about vicarious liability would also "invade the province of the jury" and should be excluded on those grounds as well. Id. (citing Carballo Rodriguez v. Clark Equip. Co., 147 F. Supp. 2d 81, 85 (D.P.R. 2001)).

The Court thus **GRANTS** Eye Care of San Juan's motion in limine at Docket No. 229. Dr. Mason may not testify about Eye Care of San Juan's alleged negligence under the theory of vicarious liability.

**B. Dr. Maestre and SIMED's motion in limine at Docket No. 232**

Dr. Maestre and SIMED seek to bar Plaintiff from introducing evidence or testimony about Dr. Maestre's liability insurance issued by SIMED. (Docket No. 232). They argue that there is no controversy surrounding the insurance policy, that its prejudicial effect would substantially outweigh its probative value, and that Fed. R. Evid. 411 bars its use to prove negligence. Id. at 2-3.

The Court is aware that Puerto Rico is a direct-action jurisdiction in which plaintiffs may sue an insurer directly. *See* P.R. Laws Ann. tit. 26 § 2003(1). However, evidence regarding Dr. Maestre's insurance policy is simply irrelevant given the parties agree there is no controversy concerning coverage. (Docket No. 248 at 2). Its use to evince negligence is barred by Fed. R. Evid.

Case 3:18-cv-01421-RAM   Document 269   Filed 09/11/23   Page 7 of 17

Civil No. 18-1421 (RAM)                                                    7

411. Plaintiff proffers no other purpose for which she seeks to introduce evidence of Dr. Maestre's insurance policy. The Court thus agrees with Defendants that its probative value, which is none, is greatly outweighed by its prejudicial effect. *See* Fed. R. Evid. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). Accordingly, the Court **GRANTS** Defendants' motion in limine at Docket No. 232. Plaintiff may not refer to Dr. Maestre's liability insurance issued by SIMED.

### C. Defendants' motion in limine at Docket No. 233

Defendants' motion in limine at Docket No. 233 seeks to exclude any evidence or testimony regarding economic damages, costs of medical treatment, loss of income, and loss of earning capacity because Plaintiff only seeks physical and emotional damages. (Docket No. 233). The only proposed exhibit at issue based on this objection is Plaintiff's History of Services from her insurer Triple S, which she seeks to introduce for its list of medications prescribed and to impeach Dr. Maestre. (Docket No. 248 at 5). Defendants argue that the medication prices will confuse the jury into possibly awarding Plaintiff the costs of medical treatment, and that their prejudicial effect substantially outweighs their probative value. (Docket Nos. 233 at 3; 258 at 4).

Plaintiff's medications are relevant to her claim, but their prices are not and are indeed likely to confuse and prejudice the

jury. The Court thus **DENIES** Defendants' motion in limine at Docket No. 233. However, Plaintiff is **ORDERED** to redact the medication prices prior to introducing the History of Services as an exhibit. *See, e.g.,* Cosme-Torres v. Puerto Rico Elec. Power Auth., 2009 WL 2058685, at *3 (D.P.R. 2009) (ordering the defendant to redact records before marking them as exhibits). Plaintiff is also reminded of Local Rule 5(c), which requires certified translations of all documents presented or filed.

**D. Defendants' motion in limine at Docket No. 234**

Defendants' next motion in limine seeks to preclude Plaintiff's treating physicians proffered as fact witnesses—Dr. Luis Padilla and Dr. Eric Duerr—from discussing the treatment provided by Dr. Maestre or how Plaintiff's eye was affected by it.[1] (Docket No. 234). They argue that Drs. Padilla and Duerr were not involved in the treatment provided by Dr. Maestre and did not treat Plaintiff until **after** her cataract surgery. Id. at 4. Thus, as Defendants posit, any knowledge they have about the events prior to their respective interventions is not personal in nature, and therefore, outside the scope of permissible testimony for a **fact** witness. Id.

Defendants recognize that physicians may testify as fact witnesses. Id. What the parties disagree on is the permissible

---

[1] Defendants also include Dr. William Culbertson and Dr. William Smiddy in their motion in limine, but they are no longer testifying at trial. (Docket No. 248 at 6).

scope of their testimony. It is Defendants' position that Drs. Padilla and Duerr may not opine on Dr. Maestre's treatment of Plaintiff or how it affected her eye. Id. at 5. Plaintiff, on the other hand, argues that these physicians may testify about matters beyond their treatment of the patient, such as the standard of care. (Docket No. 248 at 8). Neither party hits the mark. Dr. Padilla and Dr. Duerr may testify about the condition of Plaintiff's eye and opine on the causation of that condition, but their "opinion[s] about causation [must be] premised on personal knowledge and observations made in the course of treatment[.]" Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 7 (1st Cir. 2011).

Notwithstanding Defendants' argument to the contrary, the First Circuit panel in Downey did not place a time limit beyond which someone may no longer serve as a fact witness. The witness must simply be an "actor with regard to the occurrences from which the tapestry of the lawsuit was woven." Id. at 6 (internal quotation marks and citation omitted). Defendants are correct that Drs. Padilla and Duerr were not involved in Plaintiff's cataract surgery. But Plaintiff alleges **permanent** damage to her right eye as a result of that surgery. Thus, even more recent treating physicians have "ground-level involvement in the events giving rise to the litigation[,]" i.e., the alleged **lasting** damage to Plaintiff's eye. Id. See also Gonzalez v. Exec. Airlines, Inc.,

236 F.R.D. 73, 77 (D.P.R. 2006) (allowing a psychiatrist who treated the plaintiff for post-traumatic stress disorder from the hard plane landing for which she was suing the airline to serve as a fact witness). Defendants may use cross-examination to challenge the strength of the physicians' testimony given the amount of time that elapsed between their interventions and Ms. Dachman's cataract surgery and given the other intervening events that could have contributed to her present eye condition.

Accordingly, the Court **DENIES** Defendants' motion in limine at Docket No. 234. However, Plaintiff is reminded that Dr. Padilla and Dr. Duerr's testimony must remain within the scope provided by Fed. R. of Evid. 701. Given that the applicable standard of care is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702[,]" Plaintiff's fact witnesses may not opine on that standard or Dr. Maestre's alleged deviation from it. Fed. R. Evid. 701.

### E. Defendants' motion in limine at Docket No. 235

Defendants next attempt to bar Plaintiff from arguing at trial that she has suffered any degree of blindness because such a diagnosis is absent from her complaint or expert's report. (Docket No. 235). Plaintiff's complaint frequently mentions her vision loss, as well as her glaucoma diagnosis and how it can lead to irreversible blindness. *See, e.g.*, Docket No. 1 ¶¶ 84, 105, 107, 109. Dr. Mason's expert report describes Plaintiff as a glaucoma

suspect and mentions her "permanent visual quality diminution," "suboptimal vision," and "diminished binocular depth perception." (Docket No. 248-6 at 17-18). Thus, Defendants' motion in limine seems to be premised on the idea that Plaintiff had to allege and evince legal blindness as distinct from vision loss. Defendants cite no authority requiring that plaintiffs allege and evince legal blindness to recover physical and emotional damages for impaired vision. Accordingly, Defendants' motion in limine at Docket No. 235 is **DENIED**.

### F. Defendants' motion in limine at Docket No. 236

Defendants' motion in limine at Docket No. 236 seeks to bar Plaintiff from suggesting during opening and closing statements that Dr. Maestre has been untruthful, testified falsely, and/or committed perjury. (Docket No. 236). Their concern centers around Plaintiff's theory that Dr. Maestre hid complications from Plaintiff's surgery from her and continued to lie about it even at his deposition when confronted with the hospital's operating room report, which listed a complication not included in his own copy of the report.

Defendants cite no rule of evidence or procedure in their motion, and Defendants' cited cases are unhelpful. Id. at 2-3. The cases involve different scenarios, and none touches on the permissible scope of counsel's opening and closing statements in a civil trial. None suggests counsel may not state during opening

or closing statements that the evidence shows Defendant hid the surgery's complications—a key part of Plaintiff's malpractice claim—and lied about it in his deposition. To the degree Defendants disagree with Plaintiff about what Dr. Maestre's deposition testimony suggests, their own questioning and evidence is the appropriate method to challenge Plaintiff's theory. If Plaintiff seeks to elicit opinion testimony from her forensic document expert beyond the scope of his report and expertise, such as his opinion about how or why two different versions of the operating room report were created, Defendant may raise that objection at trial. Accordingly, the Court **DENIES** Defendants' motion in limine at Docket No. 236.

**G. Defendants' motion in limine at Docket No. 237**

Defendants also move to exclude evidence or testimony by Jana Rose Carrero, Plaintiff's daughter. (Docket No. 237). The proposed testimony relates to Ms. Carrero's relationship with Ms. Dachman and her observations of her mother before and after the surgery. Id. ¶ 2. Defendants primarily argue that Ms. Carrero's testimony would be needlessly cumulative. Id. ¶ 11; Docket No. 258 at 12-13. Plaintiff contends that Ms. Carrero's closeness with her mother allowed her to observe Plaintiff's deterioration following her cataract surgery, noting that Ms. Carrero hosted Ms. Dachman when she visited Florida for additional appointments and even witnessed

an incident during which Ms. Dachman allegedly tripped on a step she could not see. (Docket No. 248 at 18).

Evidence is relevant if it "has any tendency to make a fact more or less probable" and "is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible unless "its probative value is substantially outweighed by[,]" among other things, "needlessly presenting cumulative evidence." Fed. R. Evid. 402 and 403. A trial judge has "considerable latitude in Rule 403 rulings." United States v. King, 827 F.2d 864, 867 (1st Cir. 1987). Nonetheless, district courts must weigh concerns about cumulativeness against the probative value of the evidence. See United States v. Frabizio, 459 F.3d 80, 91 (1st Cir. 2006) (noting failure to conduct such inquiry was abuse of discretion).

"Evidence is cumulative if repetitive, and if the small increment of probability it adds may not warrant the time spent in introducing it." Elwood v. Pina, 815 F.2d 173 (1st Cir. 1987) (citation and internal quotation marks omitted). Testimony that is substantially the same is cumulative. Sec'y of Lab. v. DeSisto, 929 F.2d 789, 796 (1st Cir. 1991) (citation omitted). However, where testimony that may be repetitive nonetheless adds new and relevant details, it is not cumulative. See United States v. Maldonado-Peña, 4 F. 4th 1, 37 (1st Cir. 2021) (finding no abuse

of discretion when trial judge admitted testimony by witnesses who added to the story).

The testimony at issue here relates to a material issue in the case: the extent to which Plaintiff was affected by the cataract surgery performed by Dr. Maestre, as witnessed by an individual who knew Plaintiff well and had the opportunity to observe her in person. The contested evidence is probative, and to the extent that it adds additional details, would not be needlessly cumulative. Accordingly, the motion in limine to exclude the testimony of Jana Rose Carrero is **DENIED**.

**H. Defendants' motion in limine at Docket No. 238**

Finally, Defendants move to bar Plaintiff's expert, Dr. Mason, from introducing any evidence or testimony regarding:

(1) medical records, case documents, and/or literature reviewed after his expert report was notified on August 12, 2021, which are not referenced in said report;

(2) medical records, case documents, or literature reviewed after his deposition was conducted on March 19, 2022; and

(3) any degree of blindness suffered by Plaintiff.

(Docket No. 238 ¶ 1). The Court has already addressed Defendants' final objection regarding the term "blindness" and will not repeat itself here. *See supra* Part II.E. As for the second objection, Defendant does not specify what materials Dr. Mason purportedly reviewed after his March 19, 2022 deposition. Thus, a motion in

limine to bar such evidence is premature. This section therefore focuses on Defendants' first objection, which relates to materials reviewed by Dr. Mason after he issued his report but before his deposition. Dr. Mason alluded to these additional materials in his deposition, and Plaintiff's counsel emailed Defendants a list of these materials on May 11, 2022. (Docket Nos. 238 at 3; 254 at 2-3).

The parties disagree on whether the May 11 email constitutes a valid supplementation of Dr. Mason's report. (Docket Nos. 254 at 2-3; 259 ¶ 2). As an initial matter, the email is not signed or adopted by Dr. Mason. (Docket No. 254-1). Nor is he even listed as a sender or recipient of the email. Id. Accordingly, the email does not meet the strictures of Fed. R. Civ. P. 26(a)(2)(B), which requires a written report be "prepared and signed by the witness."

Additionally, the May 11 email does not constitute a supplemental report because merely listing information is insufficient. "Generally, where an expert's medical opinion is grounded exclusively on scientific literature, a district court acts within its discretion to require the expert to explain why she relied on the studies that she did and, similarly, why she disregarded other, incompatible research." Milward v. Rust-Oleum Corp., 820 F.3d 469, 474 (1st Cir. 2016). See also Baker v. Chevron USA, Inc., 680 F. Supp. 2d 865, 878 (S.D. Ohio 2010) (striking an expert report in part because the expert "made no effort to connect

the medical literature to his opinions"), *aff'd*, 533 F. App'x 509 (6th Cir. 2013). Here, the last and relevant portion of the email simply lists documents reviewed by Dr. Mason after he issued his written report on August 11, 2021. (Docket No. 254-1). It does not explain how the additional documents and his review of them informed any change in his expert opinion.

Nevertheless, as the First Circuit has made clear,

> [I]f the pretrial record reveals that the party opposing sanctions provided notice of a change in its expert's testimony (even if insufficient to satisfy the duty to supplement), then the other side's "claimed surprise" at trial is less credible, and the district court should consider whether a lesser sanction (if any) is appropriate for the discovery violation.

Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 94 (1st Cir. 2020) (citing Licciardi v. TIG Ins. Grp., 140 F.3d 357, 366 (1st Cir. 1998)). Dr. Mason's deposition—which occurred more than a year ago, in March 2022—put Defendants on notice that there were changes in his opinions. Defendants cannot now claim surprise and prejudice. *See* id. (requiring the district court to examine deposition testimony and noting that a pretrial record that does not support a claim of surprise does not warrant exclusion of the expert's testimony). Accordingly, Defendants' motion in limine at Docket No. 238 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 11th day of September 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
